No. 11,380.

BRONSTEIN v. RYAN.

Decided November 16, 1925.

Action for services rendered.  Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. ACTIONS—*Quantum Meruit—Burden.*  In an action on quantum meruit for services rendered, the burden is upon the plaintiff to establish employment, rendition of service, and value thereof.

2. APPEAL AND ERROR—*Sufficiency of Evidence.*  In an action for services rendered, evidence reviewed and held sufficient to support a judgment for plaintiff.

Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.

Mr. CHARLES ROSENBAUM, for plaintiff in error.

Mr. BENJAMIN GRIFFITH, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant in error, plaintiff below, brought an action against Bronstein for services as manager of the Markham Hotel of Denver, and to review the verdict and judgment rendered against him the defendant brings the case here on error and applies for a supersedeas .

The complaint contains two counts, one on express contract and the other on quantum meruit. At the conclusion of the plaintiff's case the plaintiff elected to stand on the second count.

The chief contention of the plaintiff in error is that the evidence is insufficient to sustain the verdict, for the reason that there is no testimony as to the reasonable value of the plaintiff's services, and that the motion for a directed verdict should have been granted. The burden rests on the plaintiff to establish the employment, the rendition of the services, and the reasonable value thereof. The evidence of plaintiff is ample in this respect. The testimony shows that the plaintiff performed the same services' as the prior manager of the hotel. Witness Carter, the prior manager, testified as to the compensation paid him by the defendant for his services as such manager. There was other evidence of reasonable value, but the evidence of Carter alone, as to the value of the services, was sufficient to warrant the court in submitting the case to the jury for its determination.

The case was fairly submitted to the jury by appropriate instructions. It is sufficient to say that a careful consideration of the record convinces us that the court did not err in giving judgment against the defendant.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.